BLD-033                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-2485 & 13-2486
_____

SHAWN RICHARD COUDRIET,
                                              Appellant

v.

ANTHONY J. VARDARO, Judge; BRIAN V. COLEMAN, Warden; GARY M.
ALIZZEO, Attorney; JOHN RICTOR, Chief of Police; PAULA DIGIACOMO, A.D.A.;
FRANCIS J. SCHULTZ, D.A.; SUSAN BERRIER, R.N.; MATTHEW LEWICKI, R.N.;
MARK A. CASTEEL, M.D.; MICHAEL J. HERBIK, D.O.; TIM LEWIS, Warden;
TRACE MCCRAKEN, Bail Bond Agent; MICHAEL ROSSI, Magistrate Judge;
JAMIEE L. GASTER, Counselor; DEBRA HUSARCHIK, P.S.S.; GARY GALLUCCI,
Psychologist; PETER SAAVEDRA, Psychiatrist
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:11-cv-00185)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 18, 2013 )
_____

OPINION
_____

PER CURIAM

Pro se Appellant Shawn Coudriet appeals the District Court's orders granting

Defendants' motions to dismiss. For the reasons set forth below, we will summarily

affirm the District Court's judgments. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Coudriet is an inmate presently incarcerated at the Pennsylvania State Correctional

Institution at Fayette ("SCI-Fayette"). He filed a civil rights action under 42 U.S.C. §

1983 in the District Court against seventeen defendants, arising from his 2005 arrest and

subsequent conviction in the Court of Common Pleas of Crawford County, Pennsylvania.

Coudriet brought claims against numerous officials involved in his arrest, conviction, and

incarceration, alleging that he is innocent of the crimes and, therefore, the defendants

violated his constitutional rights by conspiring to unlawfully convict and imprison him.

He also brought claims against various medical professionals, claiming that they were

deliberately indifferent to his medical needs. The Defendants filed motions to dismiss,

which the District Court granted. See Orders, ECF Nos. 160, 161, 183, 184, 185, 186.

This appeal followed.[1]

II.

_____

[1] Coudriet's appeals from the orders entered April 10, 2013, are pending at C.A. No. 13-2485, and his appeal from the order entered April 17, 2013, is pending at C.A. No. 13-2486. Additionally, because the District Court has now entered a final order, we have jurisdiction to review the District Court's November 30, 2012 orders, which Coudriet

2

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

Coudriet's constitutional claims are broad in scope, beginning with the legal processes which led to his conviction, and detailing incidents that have occurred since he was incarcerated. At the outset, we note that the applicable statute of limitations for Coudriet's § 1983 claims is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir.

---

prematurely appealed before a final order had been entered. See C.A. Nos. 12-4515 and 12-4516.

2009). In this instance, Coudriet filed his complaint on August 26, 2011.[2] Thus, barring any exceptions or tolling provision, claims that accrued prior to August 26, 2009, are time-barred. Specifically, Coudriet claims that John Rictor, Chief of Police of Vernon Township, unlawfully arrested him at his home without a valid warrant and falsified the affidavit of probable cause. We agree with the District Court's construction of Coudriet's complaint that his claims against Rictor are based upon illegal search and seizure, false arrest/imprisonment and selective enforcement. These claims accrued in March and April 2005, when Coudriet's DNA was seized and he was arrested and charged. Thus, they are barred by the statute of limitations. See, e.g., Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) (false arrest and false imprisonment claims accrued on the night of the arrest); Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010) (selective enforcement claim accrued when he was stopped by police officers for alleged traffic violation and arrested for suspected drug possession.). Coudriet's allegations that Warden Tim Lewis facilitated an assault against him by another inmate when he was first committed to the Crawford County Jail in May 2005 are also time-barred.[3]

---

[2] Coudriet's complaint was docketed by the court on September 1, 2011. However, because Coudriet is a prisoner, he receives the benefit of the "prison mailbox rule." See Houston v. Lack, 487 U.S. 266, 276 (1988). There is no evidence of when Coudriet gave his complaint to prison officials for mailing, or a post-marked date. Accordingly, we use the date he signed his complaint, August 26, 2011.

[3] Additionally, Coudriet agrees that the statute of limitations bars his claims against Gary Galluci and Debra Husarchik, mental health professionals at SCI-Fayette, asserting that they induced him to participate in a sexual offenders program that he was not legally required to attend.

In addition to asserting time-barred claims, Coudriet brought claims against defendants who are not state actors under § 1983, or who are immune from suit. In particular, Coudriet's claims against Gary Alizzeo, his court-appointed attorney, fail under § 1983 because he is not a state actor. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (a court-appointed defense attorney is not a state actor for purposes of a § 1983 action simply "by virtue of being an officer of the court . . ."). Moreover, Francis Schultz, the District Attorney of Crawford County, and Paula DiGiacomo, an Assistant District Attorney, are entitled to prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (state prosecuting attorney who acted within scope of his duties in initiating and pursuing criminal prosecution and in presenting state's case was immune from civil suit for damages for alleged deprivations of constitutional rights). [4] Similarly, Magistrate Judge Michael Rossi and Judge Anthony Vardaro of the Crawford County Court of Common Pleas are entitled to judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.") (citing Mireles v. Waco, 502 U.S. 9, 12(1991)). [5] Finally, given the Judges' judicial immunity, it follows

---

[4] Coudriet claims that Schultz and DiGiacomo prosecuted him without probable cause, relied upon an invalid search warrant to collect his DNA, and enticed the victim to fabricate her testimony.

[5] Coudriet claims that Magistrate Judge Rossi's actions were illegal and unjust during his arraignment, bail hearing, and preliminary hearing, and he claims that Judge Vardaro was biased in presiding over his criminal case and subsequent PCRA hearing. There are no allegations that the judges acted outside of their judicial capacity or in the absence of jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (a judge is immune

that Warden Lewis and Superintendent Brian Coleman are entitled to quasi-judicial immunity for Coudriet's claims that he was illegally detained at SCI-Fayette pursuant to fraudulent Court Orders. See Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003) (it is well-settled that "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages."); see also Patterson v. Von Riesen, 999 F.2d 1235, 1241 (8th Cir. 1993) ("a warden is absolutely immune from damages flowing from the fact of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement.").[6]

Turning to Coudriet's Eighth Amendment claims of deliberate indifference to his medical needs, Coudriet claims that while he was at Crawford County Correctional Facility for a PCRA hearing, a fellow inmate poisoned him with acid-laced vanilla cake, and he was subsequently diagnosed with an impacted bowel. He was treated at Meadville Medical Center. Coudriet claims that he was misdiagnosed and that he should have undergone a CT scan, colonoscopy, and surgery. When he returned to SCI-Fayette, he was prescribed medication, but he was not given an x-ray, which Coudriet claims would have shown that he needed surgery. In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious

_____

from liability for all actions taken in his or her judicial capacity, unless such action is taken in the absence of all jurisdiction).

[6] Alternatively, Coudreit's claims against Lewis and Coleman for illegal detention are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) (civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated).

medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A plaintiff may make a showing of deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." U.S. ex rel. Walker v. Fayette Cnty., Pa., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted). Claims of negligence or medical malpractice do not constitute deliberate indifference. Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001). Here, Coudriet's claims demonstrate that he received medical care, but that he disagreed with the treatment. This is insufficient for a deliberate indifference claim under the Eighth Amendment. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (a prisoner's disagreement with proper medical treatment does not imply a constitutional violation).[7]

Coudriet also brought claims against Dr. Peter Saavedra, a psychiatrist, asserting that Dr. Saavedra fraudulently diagnosed him with paranoia, confined him against his will, and required him to take anti-psychotic medication for treatment of psychosis after the incident with the acid-laced vanilla cake. In support of his motion to dismiss, Dr.

---

[7] To the extent that Coudriet brought deliberate indifference claims against non-medical officials, including Warden Lewis and Superintendent Coleman, he has failed to state a claim. See Spruill, 372 F.3d at 236 ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter

7

Saavedra submitted Coudriet's file from the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") to demonstrate that Coudriet failed to exhaust his claims against him. The District Court converted the motion to dismiss to a motion for summary judgment and concluded that the records showed that Coudriet failed to exhaust his administrative remedies and that Dr. Saavedra was entitled to summary judgment. We agree.[8] Under the Prison Litigation Reform Act ("PLRA"), inmates must exhaust their administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a). A prisoner must exhaust these remedies "in the literal sense"; no further avenues in the prison's grievance process should be available. Spruill, 372 F.3d at 232. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Here, the record shows that Coudriet presented nine grievances to the highest level of review, only two of which mentioned Dr. Saavedra. These two grievances were dismissed at the SOIGA level for procedural default. Thus, Coudriet has failed to exhaust his claims against Dr. Saavedra. See Spruill, 372 F.3d at 230 (recognizing a procedural default rule in the context of § 1983 claims "because such a rule prevents an end-run around the exhaustion requirement, and thereby creates an

_____

requirement of deliberate indifference."); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

[8] We exercise plenary review over the District Court's order granting summary judgment. See Giles, 571 F.3d at 322.

overwhelming incentive for a prisoner to pursue his claims to the fullest within the administrative grievance system.").[9]

IV.

For the foregoing reasons, no substantial question is presented, and we will affirm the judgments of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.[10]

---

[9] Even if Coudriet's claims against Dr. Saavedra were properly exhausted, his complaint fails to state a cause of action. He brought claims against Dr. Saavedra for violations of his Fourth, Fifth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights. The only potentially cognizable claim Coudriet asserts is for violations of the Eighth Amendment. However, as established above, a claim of misdiagnosis is insufficient to support a constitutional violation. See Singletary, 266 F.3d at 193.

[10] To the extent that Coudriet asserted state law claims, the District Court correctly declined to exercise supplemental jurisdiction. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Moreover, we agree that allowing Coudriet to amend his complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).